AMERICAN TRADING COMPANY *v.* SEPÚLVEDA, DISTRICT JUDGE.

APPLICATION for Writ of *Certiorari.*

No. 95.—Decided November 7, 1912.

CERTIORARI—RECEIVER—APPOINTMENT OF RECEIVER—NEGLIGENCE—DAMAGES—CONTRADICTORY AFFIDAVIT—DISCRETION OF COURT.—When an application for the appointment of a receiver is based on an affidavit sworn on information and belief that the property in litigation was suffering, and would continue to suffer, great damages through the negligence of the adverse party, and such affidavit is contradicted by an affidavit of the adverse party denying the alleged negligence and damages, the Supreme Court will not interfere with the exercise of the discretional power of the trial court in refusing the appointment of a receiver even in the supposition that this question might be set up on an appeal from the order refusing the appointment of a receiver.

ID.—APPOINTMENT OF RECEIVER—DISCRETION OF COURT—ERROR OF PROCEDURE.—The refusal of a court in the exercise of its discretional power to appoint a

receiver does not constitute an error of procedure which might serve as ground for an application for a writ of *certiorari*.

The facts are stated in the opinion.

*Mr. Felipe Casalduc* for petitioner.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an application for a writ of *certiorari*. Of the facts that originated the issues between the parties no more need be said than that the petitioner, American Trading Company, is suing the respondents to recover the ownership and possession of a piece of property within the jurisdiction of the District Court of Mayagüez.

The petitioner alleged upon an affidavit made on information and belief of its attorney that the property was suffering, and would suffer, great damage by reason of the neglect of the respondent, and asked for the appointment of a receiver. The court denied the motion, and petitioner, alleging the lack of power of appealing, brought this extraordinary writ.

The neglect and damage, actual and prospective, were denied under oath by the respondent.

Under this state of facts, being one affidavit against another, this court would not interfere with the discretion of the trial court even if the matter could be reviewed by us directly. Hence, the *certiorari* would have to be denied, even on the merits.

Petitioner insists that the court below based its decision on the fact that the applicant did not bring itself within any of the provisions of section 182 of the Code of Civil Procedure.

The court, however, in denying the order, cited jurisprudence to the effect that, in the absence of fraud or other ground of equitable relief, a receiver would not be named if merely the title and possession of real estate were affected.

Hence it is evident that the court denied the application because it considered that no equitable case had been presented to it. The exercise by the court of a discretion in the

refusing of an application for a receiver is not an error, if any there be, of procedure.

Hence the writ of *certiorari* does not lie, and the same must be quashed.

*Application dismissed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.